[Cite as *State v. Lipkins*, 2021-Ohio-4343.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

Appellee

v.

Aaron Lipkins

Appellant

Court of Appeals No.  L-21-1046
L-21-1058
L-21-1059
L-21-1060
L-21-1061

Trial Court No.  CR0202001050
CR0201902404
CR0202001370
CR0202002131
CR0202001132

**DECISION AND JUDGMENT**

Decided:  December 10, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from five judgments by the Lucas County

Court of Common Pleas, which sentenced appellant, Aaron Lipkins, to a total prison term

of 58 months for three counts of felony breaking and entering, two counts of felony grand theft of motor vehicle, two counts of misdemeanor theft, one count of felony robbery, and one count of felony unlawful sexual conduct with a minor after the trial court accepted appellant's *Alford* guilty pleas and convicted him of those offenses. For the reasons set forth below, this court affirms the judgments of the trial court.

## I. Background

{¶ 2} This consolidated appeal arises from five Lucas County Common Pleas criminal cases by appellee, state of Ohio, against appellant known as case Nos. CR2019-2404, CR2020-1050, CR2020-1132, CR2020-1370 and CR2020-2131.

{¶ 3} In case No. CR2019-2404, appellant pled guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to one count of breaking and entering, a violation of R.C. 2911.13(A) and a fifth-degree felony pursuant to R.C. 2911.13(C). The trial court found appellant guilty of the offense: that on July 26, 2019, appellant trespassed in an unoccupied structure with the purpose to commit theft. Appellant committed that offense while serving his community control sanction in case No. CR2018-3025, which is not part of this appeal. The trial court sentenced appellant to serve 10 months in prison for the fifth-degree felony, to be served consecutively to appellant's sentence in case No. CR2018-3025.

{¶ 4} In case No. CR2020-1050, appellant entered *Alford* guilty pleas to one count of breaking and entering, a violation of R.C. 2911.13(A) and a fifth-degree felony

2.

pursuant to R.C. 2911.13(C), and two counts of theft, each violations of R.C. 2913.02(A)(1) and first-degree misdemeanors pursuant to R.C. 2913.02(B)(2). The trial court found appellant guilty of those three offenses: that on October 1, 2019, appellant trespassed in a closed McDonald's store and stole the donations in the charity boxes on the counter, and on November 29 and December 1, 2019, appellant committed thefts of cell phone accessories from a Metro PCS store valued between $1,000 and $7,500. Appellant committed those offenses while serving his community control sanction in case No. CR2018-3025. The trial court sentenced appellant to serve 12 months in prison for the fifth-degree felony, to be served consecutively to appellant's sentences to case Nos. CR2018-3025 and CR2019-2404. The trial court also sentenced appellant to serve six months at the Corrections Center of Northwest Ohio for each first-degree misdemeanor, to be served concurrently to each other and to the fifth-degree felony.

{¶ 5} In case No. CR2020-1132, appellant entered *Alford* guilty pleas to two counts of grand theft of a motor vehicle, each a violation of R.C. 2913.02(A)(1) and a fourth-degree felony pursuant to R.C. 2913.02(B)(5), and one count of breaking and entering, a violation of R.C. 2911.13(B) and a fifth-degree felony pursuant to R.C. 2911.13(C). The trial court found appellant guilty of those three offenses: that on December 28, 2019, appellant shot the front entrance to Royal Auto, a car seller, and removed multiple car key fobs and used one to drive off with a 2010 red Camaro, and then on December 29, 2019, appellant twice again trespassed at Royal Auto to use the

3.

stolen car key fobs to drive off with a 2008 Ford-F250 and a 2010 Chrysler Town and Country. Appellant committed those offenses while serving his community control sanction in case No. CR2018-3025. The trial court sentenced appellant to serve 12 months in prison for each of the three offenses, to be served concurrently with each other but consecutively to appellant's sentences in case Nos. CR2018-3025, CR2019-2404, and CR2020-1050.

{¶ 6} In case No. CR2020-1370, appellant entered *Alford* guilty pleas to one count of robbery, a violation of R.C. 2911.02(A)(3) and a third-degree felony pursuant to R.C. 2911.02(B), and one count of breaking and entering, a violation of R.C. 2911.13(B) and a fifth-degree felony pursuant to R.C. 2911.13(C). The trial court found appellant guilty of those two offenses: that on February 10, 2020, appellant broke out the window of Victory Auto Mall and stole car key fobs with the intent to steal cars, and on February 21, 2020, appellant threatened a victim with a gun during a robbery attempt. Appellant committed those offenses while serving his community control sanction in case No. CR2018-3025. The trial court sentenced appellant to serve 24 months in prison for the third-degree felony and 12 months in prison for the fifth-degree felony, to be served concurrently with each other, but with the 24-month sentence to be served consecutively to appellant's sentences in case Nos. CR2018-3025, CR2019-2404, CR2020-1050, and CR2020-1132.

{¶ 7} In case No. CR2020-2131, appellant entered an *Alford* guilty plea to one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A) and a

4.

fourth-degree felony pursuant to R.C. 2907.04(B)(1). The trial court found appellant guilty of that offense: that between December 1 and December 31, 2019, the 19-year-old appellant had sex with a 14-year-old girl. Appellant committed that offense while serving his community control sanction in case No. CR2018-3025. The trial court sentenced appellant to serve 12 months in prison for the fourth-degree felony, to be served concurrently with appellant's sentence in case No. CR2020-1370.

{¶ 8} Appellant timely appealed the five trial court judgments, and each appeal was assigned the following case numbers: L-21-1046 for case No. CR2020-1050, L-21-1058 for case No. CR2019-2404, L-21-1059 for case No. CR2020-1370, L-21-1060 for case No. CR2020-2131, and L-21-1061 for case No. CR2020-1132. By order of this court journalized on April 20, 2021, all five appeals were consolidated under case No. L-21-1046. Appellant sets forth one assignment of error:

> The trial court abused its discretion when it sentenced appellant to four consecutive prison terms, and executed sentence on a community control violation, when appellant has a limited prior criminal history, the fourth and fifth degree felonies were non-violent, and when the resulting sentence arguably does not promote the effective rehabilitation of the offender pursuant to R.C. 2929.11.

## II. Consecutive Sentences

{¶ 9} In support of his sole assignment of error, appellant argues his four consecutive prison terms from case Nos. CR2019-2404, CR2020-1050, CR2020-1132 and CR2020-1370 violate R.C. 2929.11 and 2929.12. Appellant does not dispute his concurrent sentence from case No. CR2020-2131. Appellant concedes the trial court "had discretion to impose prison terms, either concurrently or consecutively * * * [and] the sentences are not contrary to law." Nevertheless, appellant argues the trial court failed to properly apply the factors and purposes of felony sentencing stated in R.C. 2929.11 and 2929.12 because of his limited criminal history, the overall non-violent nature of the crimes, his remorse, his substance abuse problems, and his youth. Appellant urges this court to find that the consecutive sentences imposed "were not the minimum sanction that will punish the offender, protect the public, and facilitate the rehabilitation of the offender" and suggested that those purposes "might be better achieved with concurrent sentences or even a community control sanction."

{¶ 10} To the extent that appellant challenges the overall length of his 58-month consecutive sentences under R.C. 2929.11 and 2929.12, those statutes do not apply to consecutive-sentencing review. *State v. Mockensturm*, 6th Dist. Wood No. WD-20-007, 2021-Ohio-881, ¶ 15, citing *State v. Gwynn*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17. Our review of consecutive sentences is limited to R.C. 2929.14(C)(4), as stated in R.C. 2953.08(G)(2)(a). *Id.* R.C. 2953.08(G)(2)(a) states, in part, "The

6.

appellate court may take any action authorized by this division if it clearly and convincingly finds * * *: (a) That the record does not support the sentencing court's findings under * * * [R.C. 2929.14(C)(4)] * * *."

{¶ 11} When sentencing prison terms, the trial court is required "to adhere to R.C. 2929.14(C)(4) and 2929.41(A) in imposing consecutive sentences and to make the required findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 35. R.C. 2929.41(A) states a presumption for concurrent sentencing, except as provided for in R.C. 2929.14(C). The trial court is required to make the findings mandated by R.C. 2929.14(C)(4) both at the sentencing hearing and incorporate them into its sentencing entry, "but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

{¶ 12} R.C. 2929.14(C)(4)(c) requires a three-step analysis by the trial court: (1) finding that the sentence is necessary to protect the public from future crime or to punish the offender; (2) finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) finding the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *State v. Banks*, 6th Dist. Lucas No. L-13-1095, 2014-Ohio-1000, ¶ 11.

{¶ 13} The February 25, 2021 sentencing hearing transcript for case Nos. CR2019-2404, CR2020-1050, CR2020-1132 and CR2020-1370 is in the record, along with each of the trial court's journalized sentencing entries. In each case the record shows the trial court's sentence was supported by the trial court's review of the presentence investigation report, the record, oral statements, any victim impact statements along with the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12. Furthermore, in each case the trial court considered R.C. 2929.13(B)(1)(b) because appellant committed the offenses while serving a community control sanction in case No. CR2018-3025. Specifically, the trial court found in each case that appellant's extensive crime spree while serving community control demonstrated that consecutive sentences are necessary to protect the public.

Being necessary to fulfill the purposes of R.C. 2929.11 and 2929.14(C)(4), consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the defendant was on community control, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, therefore the sentences are ordered to be served consecutively.

8.

**{¶ 14}** Appellant also argues his sentences are "not the minimum sanction that will punish the offender, protect the public, and facilitate the rehabilitation of the offender." To the extent appellant urges this court to modify or vacate his sentences based on our independent review that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, we lack the authority to grant the relief appellant seeks. *Mockensturm*, 6th Dist. Wood No. WD-20-007, 2021-Ohio-881, at ¶ 16, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

**{¶ 15}** We reviewed the record and find clear and convincing evidence supporting the imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4)(c). Both the sentencing hearing transcript and the subsequent judgment entries reflect the trial court engaged in the required analysis.

### III. Conclusion

**{¶ 16}** On consideration whereof, we find that substantial justice has been done in this matter. The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

State of Ohio
v. Aaron Lipkins
CA NOS. L-21-1046
L-21-1058
L-21-1059
L-21-1060
L-21-1061

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.